IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALIO RAMOS TAPIA, | § | |
| #54577-177, | § | |
| Movant, | § | |
| | § | No. 3:22-cv-02221-N (BT) |
| v. | § | No. 3:16-cr-00130-N-13 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Rosalio Ramos Tapia, a federal prisoner, filed a *pro se* motion
to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District
Court referred the resulting civil action to the United States magistrate judge
pursuant to 28 U.S.C. § 636(b) and a standing order of reference. In
response, the Government filed a motion to dismiss Tapia's § 2255 motion
as time barred (ECF No. 11). For the following reasons, the Court should
grant the Government's motion.

I.

Tapia pleaded guilty to conspiracy to possess with intent to distribute
a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii),
and 846. On February 2, 2018, the District Court entered judgment
sentencing him to 210 months' imprisonment. Tapia appealed to the Fifth
Circuit Court of Appeals. The Fifth Circuit affirmed the judgment on January

6, 2020. Tapia then filed a petition for writ of certiorari, which the Supreme Court denied on October 5, 2020.

On October 4, 2022,[1] the Court received Tapia's § 2255 motion, motion for leave to file a memorandum, and motion to appoint counsel. The Court denied Tapia's motion to appoint counsel without prejudice and granted his motion for leave to file a memorandum. The Court directed Tapia to file his memorandum by November 7, 2022. When he failed to timely file his memorandum, the Court issued an order to show cause on November 14, 2022. Thereafter, the Court received Tapia's memorandum, which the Court deemed filed—under the prison "mailbox rule"—on November 13, 2022.[2]

Tapia asserts the following claims for relief:

(1) his trial attorney provided ineffective assistance of counsel when he

    a. failed to have a Spanish translator at critical points in the proceedings and to produce documents in Spanish for him;

    b. failed to investigate the case;

    c. failed to properly challenge his involvement in the drug conspiracy;

(2) his appellate attorney provided ineffective assistance of counsel on appeal; and

---

[1] Tapia's § 2255 motion is signed and dated September 27, **2002**, but this is clearly an error, as the District Court did not enter its judgment until 2018.

[2] The Court deems a prisoner's pleading to be filed on the date that he submitted his pleading to prison authorities to be mailed. *Houston v. Lack,* 487 U.S. 266, 276 (1988).

(3) his guilty plea was not knowing and voluntary.

Tapia also argues that he is being denied access to his Presentence Report (PSR), and he is entitled to an evidentiary hearing on his § 2255 motion.

In response, the Government filed a motion to dismiss, arguing that Tapia's § 2255 motion should be dismissed as time barred. Tapia did not file a response to the Government's motion, but he filed a letter to the Clerk of Court inquiring about the status of his case.

II.

A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on February 2, 2018. The Fifth Circuit Court of Appeals affirmed the judgment on January 6, 2020. And the Supreme Court denied Tapia's petition for writ of certiorari on October 5, 2020. Tapia's conviction thus became final on October 5, 2020. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Tapia then had one year, or until October 5, 2021, to file his § 2255 motion. But Tapia did not file his § 2255 motion until September 27, 2022—almost a year after the one-year time limit had expired. His motion is therefore untimely.

B.    Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling")

(quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by* *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Tapia does not argue that he is entitled to equitable tolling. Likewise, he does not present an argument that could be construed as seeking entitlement to equitable tolling. Tapia's motion was not timely filed, and he fails to plead any facts showing he was misled by the Government or prevented in some extraordinary way from asserting his rights. He merely filed his motion almost one year late. Tapia is therefore not entitled to equitable tolling.

Because Tapia's claims are clearly time barred, the Court need not reach the merits of his arguments.

### III.

For the foregoing reasons, the Court should GRANT the Government's motion to dismiss (ECF No. 11) and DISMISS as time-barred Tapia's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed February 5, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*