IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSALIO RAMOS TAPIA,§§ | |
| Movant,§§ | |
| V.§ | NO. 3:22-CV-2221-N-BT |
| § | (NO. 3:16-CR-130-N) |
| UNITED STATES OF AMERICA,§§ | |
| Respondent.§ | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION

Rosalio Ramos Tapia filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, ECF No.[1] 1, and a memorandum in support. ECF No. 10. The government filed a motion to dismiss, ECF No. 11, to which Tapia failed to respond. The United States Magistrate Judge issued her findings, conclusions, and recommendation ("FCR") that the motion be dismissed as untimely. ECF No. 14. Tapia has filed objections. ECF No. 20.

The Court first notes that Tapia failed to respond to the motion to dismiss and offers no excuse therefor. He has not pointed out any error by the Magistrate Judge in ruling on the motion to dismiss. Her conclusion that Tapia's motion was not timely filed cannot have been in error based on the record before her. The response to the motion to dismiss in the form of objections to the FCR comes too late. *See McKenzie v. Principi*, 83 F. App'x 642, 644 (5th Cir. 2003) (no abuse to deny motion for relief when no excusable neglect was shown for failing to respond to underlying motion to dismiss).

The Court nevertheless considers the objections as though they had been properly lodged in anticipation of, or as a response to, the motion to dismiss. *Cf. United States v. Riascos*, 76 F.3d

---

[1] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

93, 94 (5th Cir. 1996) (an issue raised for the first time in an objection to a magistrate judge's report may be considered as a motion to amend). And, having considered the timeliness of the motion *de novo*, the Court concludes that Tapia's motion must be dismissed.

The record in the underlying criminal case reflects that the United States Supreme Court denied Tapia's petition for writ of certiorari on October 5, 2020. CR ECF No.[2] 979; *Tapia v. United States*, 141 S. Ct. 309 (2020). More than one year later, by letter dated November 21, 2021, Tapia requested that the Clerk provide him his docket sheet, the forms necessary for filing a motion under 28 U.S.C. § 2255, and a price list for document reproduction. CR ECF No. 994. This was the first communication from Tapia following the denial of certiorari. He did not file his motion until September 27, 2022. ECF No. 1 at 7. He offers a laundry list for his failure to have timely filed the motion, primarily relying on his being incarcerated in a number of different facilities, the COVID-19 pandemic, various lockdowns, and the lack of Spanish language materials and an interpreter. ECF No. 20 at 7–10.

As Tapia recognizes, equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether Petitioner is entitled to equitable tolling depends

---

[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:16-CR-130-N.

upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries are closed due to pandemic, the prison mail systems are not. *United States v. Lara*, No. 6:21-29, 2021 WL 4087613, at *2 (S. D. Tex. Sept. 8, 2021) (citing cases). And, lack of familiarity with the English language does not constitute a rare or exceptional circumstance. *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (irrelevant whether unfamiliarity with the law is due to illiteracy or any other reason)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Briones v. Director*, No. 3:21-CV-957-B-BN, 2024 WL 1254802, at *2 (N.D. Tex. Mar. 22, 2024); *United States v. Saunders*, No. 18-168,

3

2023 WL 3253659, at *3 (E.D. La. May 4, 2023); *Navar-Garcia v. United States*, No. EP-12-CV-415-KC, 2013 WL 327669, at *3 (W.D. Tex. Jan. 29, 2013) (citing *United States v. Cordova*, 202 F.3d 283 (10th Cir. 1999)).

Here, Tapia admits that he did not contact the Clerk to obtain materials pertinent to the filing of a Section 2255 motion until he "was informed" they would be necessary. ECF No. 20 at 10. That communication came more than one year after his judgment became final. His ignorance of the law or procedures does not entitle him to tolling. Nor do any of the other factors he has mentioned. He simply has not shown that he exercised diligence throughout the limitations period. *See Sanders v. United States*, No. 3:21-CV-2054-D-BK, 2022 WL 4086793, at *3 (N.D. Tex. Aug. 2, 2022) ("[E]ven in the context of the COVID-19 pandemic, a movant must provide sufficient evidence to show that he exercised diligence during 'all time periods—before, during and after the existence of the COVID-19 pandemic.'"); *United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").

For the reasons discussed herein, the Court adopts the FRC and Tapia's motion is **DISMISSED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein and in the FCR, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th **day** of **May, 2024**.

_____
David C. Godbey
Chief United States District Judge